UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DORSEY**,                                        Case No. 1:15 CV 219

        Plaintiff,                          Magistrate Judge James R. Knepp, II

    v.                                        MEMORANDUM  OPINION  AND
                                                      ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

### INTRODUCTION

Plaintiff John Dorsey filed this action for judicial review of the administrative denial of benefits on February 3, 2015. (Doc. 1). On September 17, 2015, the parties filed a Joint Stipulation for Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). Plaintiff then filed the pending Motion for Attorney Fees seeking $3,522.78 in fees. (Doc. 21, at n.1). Defendant filed a response stating the Commissioner would not file objections to Plaintiff's Motion. (Doc. 22). For the reasons discussed below, the Court grants Plaintiff's Motion.

### DISCUSSION

The Equal Access to Justice Act ("EAJA") directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). Because the Court issued a sentence-four remand, Plaintiff is a "prevailing party" eligible for attorney's fees. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v.*

*Underwood*, 487 U.S. 552, 564–65 (1988). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). To defeat a request for attorney's fees under the EAJA both the underlying agency position and the litigation position must be "substantially justified". 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).

Plaintiff argues Defendant's position was not substantially justified because the agency did not properly weigh the opinion of a treating physician. (*See* Doc. 21). Defendant has the burden of proving its position was substantially justified; it has not done so. Because Defendant did not object to Plaintiff's Motion, and further the Defendant stipulated to the sentence four remand of this case to the agency, the Court finds its position was not substantially justified. (Docs. 20, 22).

Next, Plaintiff requests that a fee in excess of $125, the statutory maximum, be granted. (Doc. 21,); § 504(b)(ii). The Act allows for increases if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving an increase is necessary and producing evidence in support of that request. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Sufficient satisfactory evidence can be "prevailing rates within the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 449-50. When reviewing applications for increased fees Courts are to "carefully consider, rather than rubber stamp, requests for adjusted

fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

In support of this request, Plaintiff provided an affidavit from counsel, an itemized statement of work, a resume, Bureau of Labor Statistics Consumer Price Index ("CPI") - Midwest Urban, *The Economics of Law Practice in Ohio-* Desk Reference for 2010, and affidavits of Attorneys Paula Goodwin and Louise Mosher. (Doc. 21). Plaintiff has requested an hourly fee of $185.75 for work in 2014 and $184.90 for work in 2015[1] based on a calculation utilizing the Midwest Urban CPI; the requested rate is also consistent with rates proposed by the Ohio State Bar Association in the above-mentioned Desk Reference. (Doc. 21, at 6 n.3-4). Attorney Goodwin's affidavit stated she worked mainly for a 25% contingency fee, had in the past been awarded hourly fees of $350 per hour, and believes Plaintiff's counsel has the experience and expertise to warrant $350 per hour as a reasonable fee. (Doc. 21, at 63). Attorney Mosher attested she charges an hourly fee of $350 per hour. (Doc. 21, at 64). Both attorneys had over 30 years of experience and were admitted to practice before this Court, and thus are comparable to Plaintiff's counsel. (Doc. 21, at 63-64).

Here, the Court finds that Ms. Goodwin's affidavit does not support an increase in fees because she bases her conclusions on reasonableness not actual prevailing rates as required to support an increase. (Doc. 21, at 63); *Bryant*, 578 F.3d at 450. As to Ms. Mosher's affidavit, although, it did not specifically state the hourly fee is that charged for Social Security cases, the

---

1. Plaintiff's counsel utilizes March 1996 as the starting date of her calculation when Congress raised the EAJA cap to $125. The "Midwest Urban" CPI index for March, 1996 was 151.7. Utilizing the same CPI, the annual index for 2014 was 225.425. An hourly rate of $185.75 is figured as follows: 151.7 is to 225.425, as $125 is to x, resulting in x equaling $185.75. For the 2015 year (averaged from January through October) was 224.379. An hourly rate of $184.90 is figured as follows: 151.7 is to 224.379, as $125 is to x, resulting in x equaling $184.90. (Doc. 21, at 6).

affidavit makes it clear $350 is her hourly rate and elsewhere in the affidavit she describes her work in the Social Security arena. This affidavit lends support to Plaintiff's claim because it is representative of the prevailing rate for attorneys of like specialty and experience. *Id*. Here, the relevant affidavit, the CPI information, which on its own would be insufficient, *Gay v Comm'r of Soc. Sec.,* 2013 WL 1316130 at *4 (6th Cir.), and the fact that the Commissioner has not challenged Plaintiff's request, are enough to justify a higher fee. Based on the evidence provided and the utilization of reasonable reference tools, the Court grants Plaintiff's request to increase the hourly amount to $185.75 for the work performed in 2014 and $184.90 for the work performed in 2015. *See Vasquez v. Astrue*, 2012 WL 3637676 (N.D. Ohio), *Rodriguez v. Astrue*, 2012 WL 2905928 (N.D. Ohio).

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $3,522.78, representing a rate of $185.75 per hour for a total of .5 hours and $184.90 per hour for a total of 18.55 hours.

IT IS SO ORDERED.

        s/James R. Knepp, II
        United States Magistrate Judge